UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 3M REALTY, LLC | CIVIL ACTION |
| VERSUS | NO: 22-2883 |
| SCOTTSDALE INSURANCE COMPANY, LIGHTHOUSE INSURANCE AGENCY, LLC, AND BELFOR USA GROUP, INC. D/B/A BELFOR PROPERTY RESTORATION | SECTION: T(5) |

# ORDER

Before the Court are two Motions. First, Defendant Lighthouse Insurance Agency, LLC ("Lighthouse Agency") has filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Procedure 12(b)(6),[1] to which Plaintiff 3M Realty, LLC (hereinafter "3M Realty" or "Plaintiff") has filed an Opposition.[2] With leave of Court, Defendant filed a reply.[3] Second, Plaintiff has filed a Motion to Remand pursuant to 28 U.S.C. § 1332,[4] to which Defendants Belfor USA Group, Inc. d/b/a Belfor Property Restoration ("Belfor") and Scottsdale Insurance Company ("Scottsdale") have filed a Joint Opposition.[5] Plaintiff filed a reply with leave of Court.[6] For the following reasons, the Motion to Dismiss is GRANTED and the Motion to Remand is DENIED.

---

[1] R. Doc. 10.
[2] R. Doc. 17.
[3] R. Doc. 27.
[4] R. Doc. 13.
[5] R. Doc. 18.
[6] R. Doc. 25.

**FACTS**

The matter before the Court is a Hurricane Ida claim. Prior to landfall on August 29, 2021, Plaintiff had purchased a property casualty insurance policy from Scottsdale through Lighthouse Agency for its property located at 4400 Tabony Street, Metairie, LA 70006 (the "Property").[7] It is not disputed that Lighthouse Agency procured the requested insurance policy for Plaintiff from Scottsdale under Policy Number 02050342 (the "Policy").[8] Hurricane Ida caused "significant damage" to the Property,[9] which Plaintiff reported to Scottsdale, assigning it Claim Number 02050342 (the "Ida Claim").[10] On or about September 10, 2021, adjuster Christopher Barry inspected the Property on behalf of Scottsdale and allowed Plaintiff $248,034.75 for losses.[11] Following this adjustment, Plaintiff put Scottsdale "on notice of its deficient claims handling" asserting an inability to make "meaningful" repairs with this sum.[12] Scottsdale advised Plaintiff that it should utilize Scottsdale's "preferred" storm remediation vendor, Belfor, to have the property "fully remediated and renovated back to pre-storm condition."[13]

Thereafter, as directed by Scottsdale, representatives from Belfor visited the Property where a representative of Plaintiff entered into an agreement with Belfor for storm remediation services.[14] In September of 2021, Belfor commenced work on the Property.[15] Following completion, Belfor billed Plaintiff $304,058.63 for "the gutting and drying out" of the Property, a

---

[7] R. Doc. 13-1 at 2.
[8] R. Doc. 1-2, ¶ 4, 16, 18, 19, 28.
[9] *Id.* at ¶ 5.
[10] *Id.* at ¶ 5-6.
[11] *Id.* at ¶ 8.
[12] *Id.* at ¶ 10.
[13] *Id.*
[14] *Id.* at ¶ 11-12.
[15] *Id.* at ¶ 13.

sum that comprised of over 85% of the available insurance limits for both mitigation and renovation.[16]

On July 13, 2022, Plaintiff 3M Realty, a citizen of the State of Louisiana, filed a Complaint in the 24th Judicial District Court for the Parish of Jefferson, naming Belfor, Scottsdale, and Lighthouse Agency as Defendants.[17] Therein, Plaintiff makes three main allegations. First, Plaintiff alleges its insurance company, Scottsdale, a citizen of the State of Ohio, failed to adjust the property damage claim properly. Second, Plaintiff asserts Belfor, a citizen of the State of Georgia, overcharged Plaintiff for remediation work. Third, Plaintiff contends Lighthouse Agency, a citizen of the State of Louisiana, breached the duty owed to a client by its insurance agent under Louisiana law.

On August 26, 2022, Belfor filed a Notice of Removal pursuant to 29 U.S.C. § 1332.[18] Belfor asserted removal under Section 1441 was appropriate because (a) the parties properly joined to this action are citizens of different states, excluding the improperly joined defendant, Lighthouse, and (b) the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. Belfor argued in the Notice of Removal that Plaintiff's petition fails to state a claim against Lighthouse Agency upon which relief can be granted; therefore, Lighthouse Agency was improperly joined and its citizenship should be disregarded for purposes of determining whether the parties are completely diverse.[19] Comporting with that argument, Lighthouse Agency filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[20] Like Belfor, Lighthouse

---

[16] *Id.*
[17] R, Doc. 1-2.
[18] R. Doc. 1.
[19] *Id.*
[20] R. Doc. 10.

Agency contends Plaintiff has failed to state a claim upon which relief can be granted against an insurance agent under Louisiana law.

Following the Motion to Dismiss, Plaintiff filed a Motion to Remand.[21] In both that Motion and its opposition to the Motion to Dismiss, Plaintiff argues it has sufficiently pleaded legally-cognizable claims against Lighthouse Agency under Louisiana law.[22] Defendants Scottsdale and Belfor argue otherwise, contending that removal was proper once the citizenship of Lighthouse Agency is ignored as an improperly-joined party.[23]

## LAW AND ANALYSIS

### I. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[24] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[25] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[26] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[27] and the documents attached to the complaint.[28]

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[29] The

---

[21] R. Doc. 13.
[22] R. Doc. 13-1, 17.
[23] R. Doc. 18.
[24] Fed. R. Civ. P. 12(b)(6).
[25] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F. 2d 1045, 1050 (5th Cir. 1982).
[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Matter of Am. River Transp., Co*. LLC, CV-18-2186, 2019 WL 2847702, at 82 (E.D. La. July 2, 2019).
[27] *Kennedy v. Chase Manhattan Bank USA*, NA, 369 F.3d 833, 839 (5th Cir. 2004).
[28] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[29] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

complaint is construed in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor.[30] On the other hand, the court may not rely on "legal conclusions that are disguised as factual allegations."[31] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[32]

## II. Remand Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[33] "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[34] Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand.[35] The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper.[36]

---

[30] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[31] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (citing *Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995)).
[32] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[33] 28 U.S.C. § 1441(a).
[34] *Id*. § 1446 (b)(3).
[35] *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002).
[36] *Id.*

### III.    <u>Improper Joinder</u>

Pursuant to § 1332, a federal court may exercise diversity subject-matter jurisdiction "over a civil action between citizens of different States if the amount in controversy exceeds $75,000."[37] There must be complete diversity between the parties, meaning that no plaintiff may be a "citizen of the same State as any defendant."[38]

Section 1441(b)(2) permits a defendant to "remove a case from state court to federal court on the basis of diversity jurisdiction so long as none 'of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"[39] Because proper joinder and service of the defendant is required for removal, the lack of complete diversity will not render an action non-removable if that party has been improperly joined.[40] In sum, if a "plaintiff improperly joins a non-diverse defendant, ... the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant."[41]

The defendant may demonstrate improper joinder by showing either: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[42] The improper joinder doctrine is a "'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'"[43] "Under the second prong (inability to establish a cause of action), the court

---

[37] *Flagg v. Stryker Corp.,* 819 F.3d 132, 135 (5th Cir. 2016).
[38] *Id.* at 136.
[39] *Wolf v. Deutsche Bank Nat'l Trust Co. for Am. Home Mortg. Inv. Tr.* 2007-1, 745 Fed. Appx. 205, 207 (5th Cir. 2018) (quoting 28 U.S.C. § 1441(b)(2); citing *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017)).
[40] *Id.*
[41] *Flagg*, 819 F.3d at 136.
[42] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004)).
[43] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (*citing McDonal v. Abbott Labs.*, 408 F.3d 177,

must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'"[44] "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one."[45]

In *Smallwood v. Illinois Central Railroad Co.,* the Fifth Circuit explained the procedure used by courts to determine whether a plaintiff improperly joined a non-diverse defendant.[46] A court first looks "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant," and "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[47] However, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[48]

The Fifth Circuit "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[49] In conducting such an inquiry, the district court may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff."[50] Further, "[a]ny contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor."[51]

---

183 (5th Cir. 2005)).
[44] *Id*. (quoting *Ross v. Citifin., Inc*., 344 F.3d 458, 462 (5th Cir. 2003)).
[45] *Ross*, 344 F.3d at 462 (emphasis in original).
[46] 385 F.3d 568 (5th Cir. 2004).
[47] *Id*. at 573.
[48] *Id*.
[49] *Id*. at 573-74.
[50] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citations omitted).
[51] *Id.* (citation omitted).

7

## IV.     Discussion

In Louisiana, the scope of liability for which an insurance agent may be subject is extremely narrow. To state a legally cognizable claim for relief against an insurance agent under Louisiana law, a petitioner must demonstrate that: (1) the insurance agent agreed to procure the insurance; (2) the agent failed to use "reasonable diligence" in attempting to procure the insurance and failed to notify the client promptly that the agent did not obtain insurance; and (3) the agent acted in such a way that the client could assume he was insured.[52]

Here, Plaintiff alleges four separate claims for relief: (1) Negligence, (2) Breach of Contract, (3) Detrimental Reliance, and (4) Failure to Use Reasonable Diligence.[53] However, because each of these causes of action are derived from the allegation that Lighthouse Agency failed to use reasonable diligence in procuring the policy, Plaintiff's claims coalesce around the issue of whether Lighthouse Agency breached its alleged duty to procure the requested insurance.[54]

Plaintiff contends Lighthouse Agency owed it "the duty of procuring and providing [it] with a <u>correct</u> insurance policy that as requested would fully cover the losses to the property at issue" and that "[Lighthouse Agency] breached that duty by providing [it] with an ineffective insurance policy."[55] In response, Lighthouse Agency argues that, because an insurance agent's duty to its client is fulfilled when it procures the insurance requested, it "appropriately discharged its duty to Plaintiff" when it obtained the policy from Scottsdale on Plaintiff's behalf.[56] Further,

---

[52] *Tippen v. Republic Fire & Cas. Ins. Co.*, 2007 WL 4219352 at *6 (E.D. La. Nov. 28, 2007).
[53] R. Doc. 17 at 5-13.
[54] *Odoms v. GeoVera Specialty Ins. Co.*, 2019 U.S. Dist. LEXIS 197542, *12.
[55] R. Doc. 17 at 6 (emphasis in original).
[56] R. Doc. 10-1 at 7.

8

Lighthouse Agency cites Plaintiff's own Petition for Damages as evidence of the existence of the policy.[57]

In *Isidore Newman School v. J. Everett Eaves, Inc.*, the Louisiana Supreme Court delineated the legal duty of an insurance agent to its client under Louisiana law. Under *Newman* and its progeny, "an insurance agent owes a duty of 'reasonable diligence' to [its] customer" that "is fulfilled when the agent procures the insurance requested."[58] Further, the Court held that "this duty has *not* been expanded to include the obligation to advise whether the client has procured the correct amount or type of insurance coverage."[59] "[A]bsent a *specific* question from the insured, an agent has no duty to advise a client that it is underinsured."[60] Rather, it is the policy owner's responsibility to request the type and amount of insurance coverage needed, to read the policy once received, and to understand its contents.[61]

The legal principles espoused in *Newman* have been routinely recognized and applied by Louisiana's Courts. For example, in *Coleman E. Adler & Sons, LLC v. Axis Surplus Ins. Co.*, the Court upheld the *Newman* standard and expanded upon it; noting that "an insurance agent may have a heightened duty only where the agent has reason to know that the client had 'a specific risk about which the client expressed concern' or 'requested coverage for specific circumstances.'"[62] To establish a heightened duty, the client must be explicit in his or her requests for coverage of specific concerns or events.

---

[57] R. Doc. 10-1 at 3.
[58] *Isidore Newman Sch. v. J. Everett Eaves, Inc.*, 42 So. 3d 352, 356 (La. 2010) (citations omitted).
[59] *Id.* at 359 (emphasis added).
[60] *Id.* at 357 (emphasis added).
[61] *Id.* at 359.
[62] *Coleman E. Adler & Sons, LLC v. Axis Surplus Ins. Co.*, 2021 U.S. Dist. LEXIS 123131, at *6 (citing *Hernandez*, 2014 U.S. Dist. LEXIS 51221, 2014 WL 1457813, at *3).

Further, as emphasized by Defendants Scottsdale and Belfor in their Joint Opposition to the Motion to Remand, this Court has ruled on an acutely analogous case in *Odoms v. GeoVera Specialty Ins. Co.*[63] In *Odoms*, the Court held that the plaintiff could not maintain a claim against its insurance agent for breach of contract because there was "no allegation that [the insurance agent] obtained the wrong type of policy on [plaintiff's] behalf or failed to account for a known relevant history in making insurance recommendations."[64] Here, Plaintiff has made no allegation that Lighthouse Agency obtained the wrong type of policy or that Lighthouse Agency failed to account for a known relevant history in making insurance recommendations.

For the above reasons, the Court concludes that Lighthouse Agency did not owe Plaintiff a heightened duty of care; therefore, Lighthouse Agency did not breach its duty because it did not fail to provide any insurance coverage requested by Plaintiff. Consequently, Plaintiff cannot maintain a claim that Lighthouse Agency breached its duty of reasonable diligence in procuring the insurance requested, and by extension, nor can Plaintiff maintain similar negligence, breach of contract, or detrimental reliance claims. Considering the applicable law, the relevant cases, and the facts of the present case, the Court finds that Plaintiff's claims are not sufficiently pled to survive Lighthouse Agency's Rule 12(b)(6) challenge.

## CONCLUSION

Consequently, the Plaintiff has improperly joined Lighthouse Agency, the non-diverse defendant in this case. Under the second prong to demonstrate improper joinder (inability to establish a cause of action), the court must determine if there is a "reasonable basis for predicting

---

[63] R. Doc. 18 at 1.
[64] *Odoms v. GeoVera Specialty Ins. Co.*, 2019 U.S. Dist. LEXIS 197542, at *14.

that state law might impose liability."[65] Because Plaintiff cannot maintain any claims against Lighthouse Agency under Louisiana law, there is no reasonable possibility of recovery. Thus, the Court must conclude Lighthouse Agency was improperly joined and diversity jurisdiction is satisfied.

Accordingly, for the forgoing reasons,

**IT IS ORDERED** that the Motion to Dismiss filed by Defendant Lighthouse Agency[66] is GRANTED and that Plaintiff's claims against Lighthouse Agency are DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that the Motion to Remand filed by Plaintiff[67] is DENIED.

New Orleans, Louisiana, this 24th day of August 2023.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[65] *Id*. (quoting *Ross v. Citifin., Inc*., 344 F.3d 458, 462 (5th Cir. 2003)).
[66] R. Doc. 10.
[67] R. Doc. 13.